Good morning, Your Honors. Marcy Stepanski on behalf of the City of Howell. I'd like to reserve five minutes for rebuttal, if I may. The City of Howell is appealing the denial of summary judgment and the grant of summary judgment in favor of the plaintiff in this case, involving whether the City could, by ordinance, require a property owner to maintain the berm adjacent to the property owner's lot. The primary misunderstanding in the lower court was that the district court judge labored under a misapprehension that the berm was city-owned property, and based upon that, declared that the ordinance was constitutionally violative and that the City could not regulate that the property owner maintain that berm. Who does own the berm, or I call it the curb strip? Right. Well, it's clearly defined, clearly and oddly defined, I guess, under Michigan law, but the Supreme Court in the Baum case really did a pretty exhaustive review of what the property interest is and isn't, and it's really sort of a shared ownership. And what the Baum case has said is that the adjacent property owner retains title, ownership of the reversionary interest to the center of the street, and that also kicks in if the road is ever abandoned or vacated, then the permanent estate would revert back to the property owner. And that the property owner also retains right of ingress and egress to and from the street, and that private right, pursuant to the Supreme Court in Michigan, has been deemed to add value to the property. And the fee conveyed to the City, pursuant to the statutory dedication under the Platt Act, is a base fee that is held in trust for the use designed and for no other use. And it's merely a nominal title, it's not in the nature of a private ownership, and it confers no beneficial ownership of the land, and the City cannot grant or dispose of the premises, and if it vacates or abandons the property, again, the entirety reverts to the owner. And with the statutory dedication, the owner does not part with the title, that the dedication refers to possession and not the permanent estate. Well, but if the City removed the shoemaker's tree without his consent and put in these saplings... That's true, Your Honor. ...without his consent... Yeah, well, what happens is, to the extent that the City is using the berm for some sort of public purpose, then the City has the right of possession to do certain things. It doesn't mean that it's an exclusive right, it doesn't mean that it prevents a property owner from planting flowers there, from doing other things, it just prevents a property owner from doing things that would be a detriment to the public use of the property. Like, for example, if there are City services that run under the berm, and if the property owner decides to put stone on the berm because he doesn't want to mow the lawn and it makes it difficult for the City to access its services, then that would be something that the City could require them to remove. But it's sort of a shared interest, and to the extent that the City is trying to do something for a public purpose, they have the primary interest, but it doesn't strip the private owner of all of its interest in the property. Don't you have a little bit of a procedural problem here in that below, in the court below, you didn't argue this shared interest that you're arguing now? And so really, haven't you really waived that argument? You argued something to the contrary in the district court? Actually, Your Honor, in response to plaintiff's motion for summary judgment, the City did argue that they were not the property owner and that the plaintiff was really the property owner. They didn't cite the bomb case. We argued both. Prior to that, you had argued that the City was the owner. We argued, actually, what we did is we argued two things down below. At what point in time, though, before the summary judgment motion? There were cross motions for summary judgment, and in the cross motions for summary judgment, the City argued that plaintiff was truly the owner of the property, which is the case when we go back and look at what the bomb decision says. And we also argued that regardless of whether they are the outright owner of the property, they have beneficial ownership interest in it with respect to right of ingress and egress and aesthetics and other things, that it adds value to the property, and so therefore they should be required to maintain it under that basis as well. But it absolutely was raised in response to the plaintiff's motion for summary judgment that the plaintiff had ownership interest in the property. It wasn't City-owned property. Well, maybe he has some interest, but you can't argue that it was the homeowner's property when you ripped his tree out without his consent and put other trees in there and did other things that were contrary to his desires or approval. Well, that's the entire nature of the shared ownership interest, according to the Michigan Supreme Court, when they have interpreted this statutory dedication in the Platt Act, is that to the extent that the City is doing something for public purposes, they have sort of like the primary right of possession, and that they can basically exclude other uses for those purposes. And it has to be for a public purpose. And when they tore the tree out, it was as part of a larger sort of like resurfacing of the road and rescaping of that area. It was part of a much larger project. But to the extent that, you know, it doesn't mean that the City strips the private owner of all ownership, right? I mean, that's a matter of statutory law. I mean, they retain that interest pursuant to the statutory dedication, pursuant to the Platt Act. They just have to defer, basically, to the public entity when they are doing something for the overall public good. And I know that the plaintiff had an issue of the City replanting trees in the berm. There was no question that the City had required the plaintiff to maintain those trees. The plaintiff has now moved. He's no longer a resident of the City. Why didn't the City follow the procedures laid out in the Municipal Civil Infraction Ordinance? Well, I think this was a case of no good deed goes unpunished. The City, instead of noticing the violation, and also... That would have given him a hearing, right? Well, he would have gotten a ticket, so he would have been fined for the ordinance violation, and then he would have gotten a ticket and had to go to court and would have gotten... had to pay costs and fines pursuant to the court matter as well. So what they tried to do instead is they tried to work with their residents. Their primary concern wasn't to ticket their residents. Their primary concern was to get the property within the ordinance, to try to have it remedied, to try to have the nuisance abated, to try to have the problem remedied. They didn't want to have to ticket their residents if they didn't have to. But what happens is, and what the ordinance section says, and the ordinance section is included in all of the notices that are given to the residents when they are in violation of the Ordinance 622.02, and what that says is, if you don't comply, you can be fined, and then it will be assessed as a tax issue and will be entered as a lien on the tax roll. And at that point, once we get to that point, before any money is actually collected, under city code, and I believe it's sections 12 and 14, there are very specific procedures, notices that go out if you have a problem with your tax assessment, before it's even placed on the tax roll as a lien. There are very specific procedures where you have the opportunity to challenge those assessments and you have the ability to be heard in front of the Board of Review before those are actually collected, before you're actually deprived of any money. Well, the homeowner here claims he was not afforded a procedure to contest these fines, and I don't see in the record where he was given any procedure. He wasn't given a ticket that he could go to court on. He wasn't given a date or time and place to have the matter reviewed. There was no bureaucrat. Well, he talked to the ticketing officer and various city employees, but there was no bureaucrat who had the power to adjudicate the matter and reverse the fines. So it would appear that he wasn't given any. Well, there are several points to Your Honor's question or issue. First of all, it was unclear really what exactly he was challenging because he never challenged that the property was in violation of the ordinance, that it did exceed the 8-inch height. He did indicate that he preferred to have a ticket so he could go before a court, but there's no authority that says that the city is required to ticket him. Procedural due process is a very flexible concept, and it's basically tailored to the type of deprivation. Well, there's got to be some notice and review, and there just wasn't. No, I agree, Your Honor, and what happened was when he first contacted... Can I just interrupt just to make sure in responding to Judge Clay's question because I had a question along these lines. In looking at state law, I thought there were two ways he could have challenged this. So when it comes to a city tax assessment, there's a city tax assessment, Board of Review, City Ordinance Chapter 12, which would have allowed for a hearing before it went on the assessment, and then after this happened, after the lien, there was a hearing available under state law as well. That's right. I mean, so if this is about a hearing, it looked like there were two vehicles for that. There were. Well, wait a minute now. How could you say that? This was not a tax. This lien was not a tax lien as such, and if there's a provision for review of this kind of lien, what's the ordinance or statute that permits it? It's in the city code, and it's Chapter 12, and it's also under Chapter 14. Wait, wait, wait, wait. But what kind of lien does that provide for review of, and under what circumstances? It's part of the tax assessment and tax. It's part of the special tax assessment, and then there's also a provision before anything is placed on the city tax roll as a lien. There are detailed procedures that allow notice and an opportunity to be heard before the Board of Review. Well, was he given a notice that he could protest this assessment or this lien under that provision? Well, in the notice that he was given. That's a yes or a no, I would say. Yes, and I'll tell you why. In the notice that he was given, it refers specifically to Section 622 that he was in violation of. When you refer to 622, it says, this will be assessed against your taxes and placed on the city tax lien, placed on the city tax rolls. And so all he has to do at that point is look at the code provisions, and he knows exactly what his options are. Now, when he first approached Mr. Donohue about the issue just in general, his position was, I'm not paying it, I'm not doing it, I'm not maintaining it, and I'm not paying it. So no matter what you do to me, what you threaten me with, what you tell me I'm responsible for, I'm simply not complying. He could have gone to the city manager. He could have gone to city council, even at that early point before any deprivation even occurred. He never did. Well, the fact that he could have gone to city council, that's different from having a defined procedure, a notice and a procedure that he's advised in advance that he could follow. Just to say he could have gone and looked up something in the city code is... Well, the residents are presumed to know the law, and part of the law, according to even Sixth Circuit case law, says that that includes city ordinances and city codes. And the notice specifically gave him, put him on notice that he was in violation of Section 622.02. And when you look at 622.02, it specifically says it will be assessed to your taxes and placed on the city tax rolls. And then when that actually happens... He claims he kept asking for a ticket so he could go to court. But they don't have to ticket him. He's not entitled to his preferred form of process. And then before any deprivation, before any collection of funds actually occurs, the city tax provisions kick in, the code kicks in, and there are very detailed procedures where they get notice and an opportunity to be heard, and then they also get an opportunity to appeal that ultimate decision to circuit court. I guess you should wrap up since we've gone way over your time. We'll take a seat, and I'll see you in a minute. Good morning, Your Honor. Elizabeth Downey for the appellee. Rather than a prepared statement, I know the Court's familiar with the case. I'd like to just jump in to some of the questions that were posed to my colleague here. First, I'm a little surprised and was surprised by the amicus talking about this right of appeal through some kind of assessment program. That was never argued in the district court. This is a new issue that was raised by the amicus for the first time on appeal. It was waived by the city. They didn't argue it in the district court. Basically, I think the reason that it wasn't brought up or argued in the district court is that there was never any evidence presented in the district court that this went through the tax assessment process. There was never any evidence that Mr. Shoemaker got any kind of a notice that he had some kind of tax appeal process available to him. Just to orient me, is your focus the pre-deprivation process? Are you challenging both pre and post? Just to help me make sure I understand everything you're saying. Certainly, Your Honor. We are challenging both. To get any money for something that's not an emergency, there should be some kind of pre-deprivation process. It could have been through issuing a ticket so that he could go see a district court judge. That's kind of funny because I think the way this case looks to me, I don't think your client was going to back down. If I'm understanding all this correctly, instead of $600, he'd owe $750 because what would have happened is he'd have gotten 75, I think there are 275 charges he would have gotten in connection with that. So I kind of understand the city's perspective that, as they say, no good deed goes unpunished. They're trying not to ticket people. They're hoping people will be reasonable. And I think if you look outside the facts of this case, it's not an unusual thing to have a city saying you've got to maintain this type of property. I mean, this is not unusual in America. Well, Your Honor, it's not unusual in America when the city allows the homeowner or the adjacent property owner to have exclusive control of what goes on in that property. Use it as part of your yard. Maintain it as part of your yard in accordance with the nuisance laws that you live under. Most people don't have any problem with that. Where Mr. Shoemaker had a problem with it is that the city came through and said, you know what, you don't have exclusive control of this property. We are going to use our own property, not yours, as part of a city project, what was referred to just now in argument as a much larger project. It was a city project. It was a cityscape. The city decided that they wanted their property to have East Sibley to be a tree-lined street. We don't have a takings claim here. Right, because it's the city's property. Well, I mean, I don't know. Maybe you just need to educate me, but my understanding in every place I've ever lived, I always thought it's ridiculous. I've got to keep the sidewalk up even though it's theirs, and I've got to pay for all these repairs. I've got to keep the lawn between the sidewalk and the street, even though technically they can do whatever they want with it. I've just always thought that's the way it works. And the reason I don't think it's unfair is everybody has to do it. Everybody has to do it. And so I'm like, okay, I guess that's just the way it works. But that seems like the norm. The norm is if you can use it for your own particularized benefit, then there is some reason that you should have some duty. For example, in the sidewalk shoveling cases, the reason, according to the law, that you can have a homeowner responsible for maintaining the city sidewalk is that the particularized benefit to the homeowner is that that helps with the ingress and egress to the homeowner's house. In my neighborhood, that's what the letter carrier uses to bring my mail up to my front door and put it in my mailbox that's on the side of the house. That gives me a benefit that the rest of the general public doesn't get from that sidewalk. That's why it's fair to have me shovel that snow. But in this case, under the bomb case... What did you want out of the pre-deprivation hearing? I mean, it seems a little unrealistic to think your client was going to... I mean, no one was challenging the inches of grass over 8 inches, right? That's correct. So there wasn't a fact question there. And is it really anything that was going to come out of this pre-deprivation hearing that would have changed your client's stance other than the city agreeing he was right? Well, Your Honor, he wanted to ask a judge and get a legal ruling whether he had to maintain the city's public work or not. And he didn't have any opportunity to argue that with anybody. He didn't have any opportunity to say, can the city come in and make it 10 times harder for anybody to mow this by putting in 9 trees with supports and stakes? I'm just trying to figure out how... I mean, there was some pre-deprivation process. It's a $600 dispute, so it's not a huge amount. He did get the notice. He did get the phone call. So there was something there. And what I'm trying to figure out with the hearing, what wasn't given, is I'm having a hard time understanding how the hearing would have made a difference in this case. It doesn't seem like the city's position was apt to change. It doesn't seem like there was anything that could have happened there from your client's perspective that would have changed things. So that leaves the value of the process itself, the hearing, just from the perspective of his emotional well-being and feeling like he had a good shot. But I don't understand how it could have made a difference to this case. Your Honor, there is a chance that a judge, just like Judge Zadkoff, would have found that this law was not constitutional. He had a shot. But even if he didn't... Well, that process he's gotten. He had that process only because he filed a federal lawsuit over this and made a federal case out of it. What he should have had was some kind of a hearing in the normal course of things. And even if it wouldn't have changed the district court result, if they still would have fined him, the Zinerman case says that even if a due process hearing would not have changed the result, a citizen still has the right to that due process case. Do you have any case you can cite that's given that says there's a pre-deprivation right in a situation like this? Not a specific case like this, Your Honor. I couldn't find a case like this. There's this famous Supreme Court case, what, Matthews v. Eldridge, which lays out the factors of what process you're due. And it largely depends on the nature of the deprivation and how hard it is to ascertain. Under those factors, it sounds like you're on the short end of the stick. Well, Your Honor, we're not on the short end of the stick as far as the fact that there was no available hearing in any way. The way the ordinance is written, the city has the option of providing a hearing but doesn't have to provide a hearing in any way. We got discovery of two years' worth of enforcement of this ordinance. There were 125 times when the city had to mow these areas because the homeowner did not. And in not one single case did anybody ever get a hearing on any one of these cases because it's city policy not to allow any of these to go to a hearing. And the question is, though, are they legally obligated to? And you can't provide us any authority that directly says that you're entitled to a hearing. I can provide authority, Your Honor, and I cited it in the brief, that due process does require some sort of a hearing. There can be disputes about what kind of a hearing is provided and how elaborate the hearing needs to be. But before you can deprive a citizen of his property, you have to provide an opportunity for some sort of an impartial hearing, some kind of an impartial hearing. It could be post-deprivation. I mean, that's what we're doing now. It could be post-deprivation hearing, but if there's no emergency, and here there was no emergency, there's no reason that you couldn't have a pre-deprivation hearing. They could issue the ticket, say go to court, and argue about whether we should be able to fine you or not. They've already got citation booklets in the city. They've got a district court right there. It takes almost nothing. Tell me this. Are you still maintaining the position that this berm or curb strip is solely the city's property, or do you agree now under the Baum case that it's probably a shared ownership interest? I disagree with the council's representation of part of it. The Baum case, as I read it, says that the adjacent homeowner retains only three types of interest in that. The first is the same interest as any member of the general public in the city's beneficial, the city's holding it in trust for the benefit of everybody. The second interest that he retains is an interest of a reverter in the case of the city abandoning the street, and then it would revert to him up to the center line, which hasn't happened and didn't happen here. And the third interest is the right of ingress and egress, which is what would allow him to put a driveway through. This has absolutely nothing to do with the fact that the city had the superior right to control the property, and as the entity that controlled the property and which admitted that they owned the property. Well, let me back up. I'm making absolutely no grammatical sense here. The city admitted below that they owned the property and that Mr. Shoemaker did not. They said so in their response to the motion to compel discovery. They said so again when we deposed the city manager and I asked who owns it, and he says the city owns it. They said so again in oral argument below, and we've cited to those pages. But again, the Baum case says that the city owns the fee. Mr. Shoemaker would only have those three interests. And the fact is the city has a nominal interest. Well, it says a fee interest. Well, a nominal fee interest, right? Right. Mr. Shoemaker sure didn't have enough ownership to stop them from ripping up his tree and planting nine new ones and telling him what he should or shouldn't do. He has no control over or had no control over what he could put in there. The city used it as part of a city works program. And once it became part of a city works program, it seems to us that whoever has control of property has the duty to maintain it free of nuisance. That's black letter law, and it's Michigan common law. Can I ask you a post deprivation process question? So once this is put on his tax assessment, I mean that's the way they choose to deal with this. They don't fine him, so they go ahead and they mow, then they charge him and assess him, so it becomes part of what we'll call the tax process, but money revenue collection. My understanding of Michigan law is there's a post deprivation hearing process through the Michigan Tax Tribunal. So why couldn't that be invoked here in terms of challenging the assessment lien, whatever it is? Your Honor, my understanding is that, number one, he didn't get a notice. I don't have any record of him getting any kind of a notice that he had any kind of hearing possibility on this, and it wasn't in the record below. Okay, so let's just say there's no notice of it, but he ultimately learns that he's been assessed this, right? So I'm just asking why can't he challenge it that way? If it's not an assessment but is rather a charge, then you cannot go to the Michigan Tax Tribunal. The tax tribunal is only for assessments, not for charges. If it's for a charge, you could, if you were able to dispute it at the beginning. I'm pretty confident my intuition will play out here. If a state does something to somebody, ask them to pay the money, there's some state for him for challenging that. Okay, that's my pretty strong intuition here. If you're going to tell me, no, no, no, and it turns out in Michigan there isn't, I believe you, but I will keep looking. And I just find it quite incredible that the state can do something to somebody, and there's no forum you can go to to say, no, they actually can't do this. They can't put the lien on, they can't do the charge, they can't do the assessment, whatever it might be. So I find myself thinking on post-deprivation theory seems pretty unlikely to be true here, that there really is nothing. Well, Your Honor, I believe that in the brief I cited to the tax tribunal procedure, as I understand it, and I don't practice in that area, so I can't recite it to you here from memory on it. But I believe I touched on that in the brief. He was not given any instruction on how to do this. He's not a tax professional either. And if that was what the city intended people should do on this, they should have somewhere in any of these notices, in any of these discussions, told him that that's what you needed to do. It would have taken very little to do that. They didn't do that. They haven't done it for anybody else. What it comes down to, basically, is that he who controls the land should maintain it free of nuisance. And in this case, that was the city. The city took control over its own land. There are ordinances all over the country that have the similar requirements of the homeowner has to maintain the berm. So are you saying all those ordinances are unconstitutional as well? No, Your Honor. They're not unconstitutional when the homeowner can use that property as part of his own yard, plant it the way they want, maintain it the way they want. Well, your client could plant flowers there and have practical use of the curb. But he's got no practical use of it when there's so many support wires and trees in there that you can't cross it, and he has no practical use of it when he's not allowed to rip out the trees that he doesn't want there. It's turned into, for all intents and purposes, a city function much like a city park. You didn't bring a trespass claim, did you? We couldn't bring a trespass claim because it wasn't our property. Well, maybe it is your property under the Baum law, the Supreme Court in Michigan decision, and you could have brought a trespass claim. Your Honor, that's not how I read the Baum law, and it's not how anybody in Michigan that I'm aware of has read the Baum case. What the Baum case says is that the only interest that he has is the potential reverter, the same interest as everybody in the general. I understand. Well, that case was 2010, so it hadn't been thoroughly explored yet, has it? No, Your Honor, it hasn't. But it doesn't say in the Baum case that he has the right to rip out the city's plantings and put in what he wants. He doesn't have the right to do that because it's not his property, and he couldn't bring an inverse condemnation claim because, again, under statutory dedication in Michigan, he doesn't own that property. Well, he owns to the center line of the street. He does have a reversionary interest in it. But he doesn't have the right to use it. He doesn't have the right to stop the city from doing anything the city wants on that property, including ripping out his plantings and planting what they want. I see my time is up, Your Honor, if there's no further questions. All right. Thank you. Thank you. Just a few quick points. Could the city do anything it wants with that strip? Could it put up a 10-foot wall if it wanted to on the strip? What the case law says, Your Honor, is that, and I'll read the quote from the Baum case, in fact. Just bear with me for one moment. We know that the fee conveyed by the statute is held in trust to and for the uses and purposes therein designated and for no other use or purpose whatever. So when it's dedicated to the city for purposes of, like, public travel or public use, they can do things that benefit those types of public uses, but they can't do things that, like, they couldn't divest it, they couldn't sell it, they don't have mineral rights to any kind of minerals underneath the property. Those all still are retained by the abutting property owner. So if it was for a public purpose, they can do it. Certainly a plaintiff can challenge that it's not for a public purpose, but if it's for a public purpose, they can do it. Otherwise, that's the extent of their interest in the property. I hope that answers your question. With respect to the tax argument and the deprivation, it was a little bit like trying to catch a laser beam down below. We weren't really sure what exactly the plaintiff was complaining about in terms of what the deprivation was. He was so stuck on having a hearing with respect to a ticket that a lot of the focus was on that. But in actuality, there was no deprivation, no property deprivation in terms of the money that he owed until it was assessed on his taxes, he sold the house, and it was collected. That certainly was subject to plenty of due process. We've all received notices indicating what our taxes are, what the assessments are, and they expressly state them. He says it was a charge and not an assessment, and therefore these tax tribunals and so forth don't apply in terms of a hearing. No, they're absolutely hearings. It's set forth in Chapters 12 and 14 in the city's code. Like I said, the notice that the plaintiff received would have had Section 622.02 in it. If you read 622.02, it says expressly, it will be assessed as a tax and then placed on your tax roll. And the city code has really detailed procedures with respect to that in terms of notice. But the letter didn't tell him how he could challenge that if he wanted to. No, but before that would have been collected, he certainly would have received notices from the city. We've all received those notices, and they say, if you don't agree with this assessment, here's the number to call, and then those procedures kick in. There are very detailed procedures in the city's code which indicate what is the notice, opportunity to be heard before the Board of Review, and then there's even an opportunity to appeal the Board of Review's decision after that, pursuant to Michigan Constitution even. And let's just assume for purposes of argument that there was some sort of inadequate pre-deprivation process, that maybe something wasn't followed. Our case law says that if there's inadequate pre-deprivation process, if there's adequate post-deprivation remedies that would cure any kind of a defect in the pre-deprivation arena, then there is no transgression of procedural due process. And in this case, there are plenty of cases that indicate that Michigan provides torts for conversion and other sorts of things where a plaintiff could have availed himself of post-deprivation process if he truly believed that the city retained his money improperly. So there was pre-deprivation process, there was post-deprivation process available. Tell me if I'm just right about this line in my head and whether it works or not. I really think what he wanted out of a hearing was a constitutional ruling. I think in his heart of hearts, he thought the city had no power. So it's really substantive due process or some other thing. They can't do this. That's the hearing I think he really wanted. And am I right in thinking that when it comes to procedural due process, the idea of being able to challenge the constitutionality of something isn't exactly what we mean. What we mean is, okay, they have this regulation that says they can come in and cut your grass and charge you for it if it's over 8 inches. If you want a hearing, you can have a hearing about whether the grass is 8 inches high or anything else about applying that reg. But I don't think what – just this is my question. Is what is meant by pre-deprivation process also the opportunity to challenge the constitutionality of the underlying regime? No. No, Your Honor. Like I said before, procedural due process is a – Presumably because all these boards don't have authority to review the constitutionality of state laws. Well, and that's a thing. That's why he has the opportunity to file a federal lawsuit to challenge the constitutionality of it if he truly believes that his rights were abridged. But with respect to every potential minimal deprivation that there is, you don't have a constitutional right to a court hearing for everything. There are cases that say, you know, it's like what Judge Gilman said. It's based on the Matthews v. Elridge factors. And it all depends – it's a sliding scale. It depends on the type of deprivation, the significance of it, the administrative burdens in providing additional process. And in this case, he had an opportunity to be heard. It may not have gotten his answer that, you know, this is constitutionally valid or constitutionally invalid, but he certainly had an opportunity to air that claim in federal court. All right. Thank you very much. Thank you, Your Honors.